USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1/28/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**DILENIA PAGUADA,** *on behalf of herself and all others similarly suited*,

               **Plaintiff,**

-against-

**WASHINGTON MUSIC SALES CENTER, INC.,**

               **Defendant.**

**21-cv-3014 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, United States District Judge:**

Plaintiff Dilenia Paguada brings suit against Defendant Washington Music Sales Center, Inc. ("Washington Music"), alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq*., and the New York City Human Rights Law ("NYCHRL").

Plaintiff is a "blind, visually-impaired handicapped person" residing in Astoria, New York. ECF No. 1 ("Compl.") at 3. Plaintiff alleges she is "legally blind" and unable to "use a computer without the assistance of screen-reading software." *Id.* at 5. In March 2021, Plaintiff visited Defendant's website "to browse and potentially make a purchase," but was unable to do so "due to the websites lack of a variety of features and accommodations." *Id.*

On April 8, 2021, Plaintiff brought this lawsuit, alleging Defendant's "fail[ed] to design, construct, maintain, and operate its website to be fully accessible to and independently usable by Plaintiff and other blind or visually-impaired people." *Id.* at 1. On July 7, 2021, Defendant moved to transfer this action to the District of Maryland under 28 U.S.C. § 1404(a).

Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404(a).  In deciding a motion to transfer venue, the Court must first consider whether this case could have been brought in the transferee district.  If venue would have been proper in the transferee district, the Court next considered whether transfer is in the interests of convenience and justice.  To make this determination, district courts consider several factors:

> (1) the convenience of the witnesses; (2) the convenience of the parties; (3) the location of relevant documents and the relative ease of access to sources of proof; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice.

*Walker v. Jon Renau Collection, Inc.*, 423 F. Supp. 2d 115, 117 (S.D.N.Y.2005).

Defendant argues—and Plaintiff does not oppose—that venue would have been proper in the District of Maryland.  The Court agrees.

Turning to whether the District of Maryland would properly serve the interests of justice, Defendant argues that several factors weigh in favor of transfer.  The Defendant's physical operations are in Maryland and so too are its proposed witnesses.  The company's website operators, associated documents, and employees are all located in and about Maryland.  Defendant argues that maintaining this action in this District would force nonparty witnesses to travel to New York.

Defendant's arguments do not outweigh the presumption of maintaining the Plaintiff's choice of forum.  *See Hershman v. UnumProvident Corp.*, 658 F. Supp. 2d 598, 601 (S.D.N.Y. 2009) ("A plaintiff's choice of forum is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." (internal quotation marks omitted)).  Other district courts considering this issue have found venue proper in Plaintiff's choice of forum.  *See, e.g.*, *Murphy v. Humboldt Clothing Co.*, No. 1:20-CV-58-SPB, 2021 WL

307541, at *8 (W.D. Pa. Jan. 29, 2021); *Carroll v. FedFinancial Fed. Credit Union*, 324 F. Supp. 3d 658, 664 (E.D. Va. 2018) (denying transfer to Maryland where the events giving rise to suit—namely, the Plaintiff's attempt to access Defendant's website—occurred in Virginia); *Access Now, Inc. v. Otter Prod., LLC*, 280 F. Supp. 3d 287, 295 (D. Mass. 2017) (same).  The Court finds the reasoning of these district courts persuasive.  Transferring this action would "merely shift[] the inconvenience from one party to another," *Access Now*, 280 F. Supp. 3d at 295, and force a partially blind Plaintiff to litigate miles away from her chosen forum.

Accordingly, Defendant's motion to transfer venue is **DENIED**.  The Clerk of the Court is respectfully directed to terminate ECF No. 19.  The Court will refer this action to the designated Magistrate Judge for general pretrial supervision.

**SO ORDERED.**

**Dated:   January 28, 2022**
       **New York, New York**

                                      **ANDREW L. CARTER, JR.**
                                      **United States District Judge**